FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 17 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03043-BNB

JOHN LOUIS ATKINS,

    Applicant,

v.

RENE G. GARCIA, Warden, FCI Englewood,

    Respondents.

---

ORDER DENYING REQUEST FOR IMMEDIATE INJUNCTIVE RELIEF

---

Applicant, John Louis Atkins, is in the custody of the United States Bureau of Prisons and currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. On February 8, 2011, Mr. Atkins, acting *pro se*, filed a Motion Requesting Immediate Injunctive Relief. Previously, on February 1, 2011, Mr. Atkins filed a pleading also titled Motion Requesting Immediate Injunctive Relief. In the February 1 Motion, Mr. Atkins failed to state a claim for relief. Without a request for injunctive relief, Magistrate Judge Boyd N. Boland construed the February 1 Motion as a request for extension of time to file an Amended Application, and granted the Motion.

Although Mr. Atkins again fails to seek any specific relief in the February 8 Motion, and he again only complains about access to the law library and timely access to a copy machine, pencils, pens, paper, and type ribbon, the Court will construe Mr. Atkins' complaints as a request for a preliminary injunction. The Motion, however, will be dismissed for the reasons stated below.

A party seeking a preliminary injunction must show (1) a substantial likelihood of prevailing on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party; and (4), the injunction, if issued, would not be adverse to the public interest. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Here, Mr. Atkins apparently is seeking access to the library for use of a typewriter and to obtain photocopies. Also, he appears to request paper and pens and/or type ribbon. Mr. Atkins does not have a constitutional right to photocopies and to the use of a typewriter. The Court does not require that pleadings be typed, and Mr. Atkins is able to submit hand-written copies of his pleadings to the Court. The Clerk of the Court provided to Mr. Atkins two copies of the Court-approved form on which he may present his claims to the Court. Mr. Atkins does not need to make photocopies of the forms; he may handwrite two identical copies, keeping one for himself and submitting one to the Court for filing.

Furthermore, Magistrate Judge Boland instructed Mr. Atkins to comply with Fed. R. Civ. P. 8 and to set forth his claims in a short and plain statement showing that he is entitled to relief. Mr. Atkins also was instructed that it was not clear if he is challenging the conditions of his confinement or the execution of his sentence. A § 2241 action is intended for challenges to the execution of a prisoner's sentence. Mr. Atkins does not need to engage in complex legal research to comply with Magistrate Judge Boland's January 20 Order to file an Amended Application asserting only claims challenging the execution of his sentence.

The Motion, therefore, will be dismissed because nothing Mr. Atkins asserts demonstrates he is facing immediate and irreparable injury. Accordingly, it is

ORDERED that the Motion Requesting Immediate Injunctive Relief (Doc. No. 11) is DENIED.

DATED at Denver, Colorado, this __17th__ day of ___February___, 2011.

BY THE COURT:


__s/Lewis T. Babcock___
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03043-BNB

John Louis Atkins
Reg. No. 11028-091
FCI - Englewood
9595 W. Quincy Avenue
Littleton, CO 80123

      I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 17, 2011.

                          GREGORY C. LANGHAM, CLERK

                          By: _____
                                  Deputy Clerk