IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Christine M. Arguello

Civil Action No. 10-cv-03043-CMA

JOHN LOUIS ATKINS,

    Applicant,

v.

RENE G. GARCIA, Warden, FCI Englewood,

    Respondent.

## ORDER TO DISMISS IN PART AND TO SHOW CAUSE

    Applicant John Louis Atkins is a prisoner in the custody of the United States Bureau of Prisons (BOP) at FCI Englewood.  Mr. Atkins initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, in which he asserted three claims.  In an order filed on March 3, 2011, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies.  On March 21, 2011, Respondent filed a Response and asserted that Claims Two and Three are not properly raised in a § 2241 action, and Claim One is not exhausted.  Mr. Atkins filed a Reply to the Response on April 13, 2011, and claimed interference by BOP staff in his attempts to exhaust his administrative remedies with respect to Claim One.

    Magistrate Judge Boland then, on April 21, 2011, instructed Respondent to brief the alleged interference.  On May 5, 2011, Respondent filed a Response to the April 21 Order and waived the affirmative defense of exhaustion as to Claim One.  Also, on May 5, Mr. Atkins tendered an Application that contains an additional claim.  Magistrate

Judge Boland directed Respondent to file a Second Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies with respect to the additional claim. On May 18, 2011, Respondent filed a Second Preliminary Response and stated he would not raise an affirmative defense as to the proposed claim.

The Court must construe liberally the documents filed by Mr. Atkins in this action because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed in part, and Respondent will be ordered to show cause in part.

Mr. Atkins raises three claims in the Amended Application filed on February 25, 2011. In Claim One, he contends that the BOP failed to apply presentence credit against his federal sentence. In Claim Two, he challenges the constitutionality of the inmate literacy program, and in Claim Three, he alleges that the BOP is hindering, delaying, denying, and destroying his mail in violation of several criminal statutes. Finally, in Claim Four, which is presented to the Court in the tendered Application submitted on May 5, Mr. Atkins asserts that the BOP has arbitrarily and maliciously denied his placement in a halfway house in violation of the Second Chance Act.

Because Respondent has waived the affirmative defense of exhaustion with regards to Claims One and Four, the Court will order Respondent to address these claims on the merits. Claims Two and Three, however, will be dismissed because they challenge the conditions of Mr. Atkins' confinement and more properly are raised in a

prisoner complaint filed pursuant to a *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).[1]  Accordingly, it is

ORDERED that Claims Two and Three shall be dismissed because the claims more properly are raised in a civil complaint filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  It is

FURTHER ORDERED that Mr. Atkins' Motion to Amend, Doc. No. 31, is GRANTED and the Clerk of the Court is instructed to file the tendered Application, Doc. No. 29, submitted to the Court on May 5, 2011.  It is

FURTHER ORDERED that Respondent shall file a return certifying the true cause of the detention of Mr. Atkins and show cause in writing on or before June 15, 2011, why the writ, including Claims One and Four, Doc. Nos. 1 and 14, should not be granted.  It is

FURTHER ORDERED that Mr. Atkins shall remain in custody and within the jurisdiction of this Court until further order.

DATED at Denver, Colorado, this 26th day of    May   , 2011.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Court

---

[1]  Mr. Atkins concedes that Claims Two and Three address the conditions of his confinement and requests that the Court decide how these claims should proceed before the Court.  *See* Reply (Doc. No. 26) at 3.