**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Christine M. Arguello**

Civil Action No. 10-cv-03043-CMA

JOHN LOUIS ATKINS,

    Applicant,

v.

J. W. HOLLINGSWORTH,

    Respondent.

**ORDER DENYING MOTION TO RECONSIDER**

The matter before the Court, in this 28 U.S.C. § 2241 action, is the "Motion to Clarify Relief Granted in Claim Four" (Doc. # 57), and the Letter (Doc. # 59), that Applicant John Louis Atkins, a *pro se* prisoner litigant, filed respectively on October 3, 2011, and October 6, 2011. Applicant is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary in Leavenworth, Kansas. Although Applicant states in the Motion that he is seeking clarification of the Court's September 8, 2011 Order granting habeas relief, in fact he is rearguing Claim Four and again seeking a twelve-month placement in a Residential Re-entry Center (RRC).[1] The Court must construe the Motion liberally because Applicant is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

---

[1] Halfway houses also are called residential re-entry centers ("RRCs").

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, therefore, will construe the Motion to Clarify as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and deny the Motion for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Applicant's Motion to Reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the Order Granting Application for Habeas Corpus was entered in this action on September 8, 2011. *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Applicant asserts that he believes the relief intended by this Court includes a twelve-month placement in an RRC, which the BOP is refusing to provide. Applicant also requests that the Court order the BOP to place every eligible inmate in an RRC for twelve months and on home confinement for six months and to comply with the Second Chance Act (SCA).

The Court's September 8 Order does not grant Applicant a twelve-month placement in an RRC. To the contrary, the Court found that

> "nothing in the SCA, or the BOP's policy memoranda relating thereto, justifies Applicant's contention that 12 months of RRC placement is presumptively necessary or that seventeen to nineteen months is too short of a time frame before a projected release date to determine an RRC placement for a soon-to-be-released inmate."

*See* Doc. No. 52 at 15. Therefore, neither a twelve-month RRC placement nor a six-month home confinement placement is required for all inmates who are eligible to be considered for a halfway house placement. Applicant also lacks standing to request relief for other inmates. *Charles v. Lowe*, 104 F.3d 367 at *3 (10th Cir. Dec. 19, 1996) (§ 2241 action) (unpublished op.) (citing *Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993)).

Finally, the Court addressed the BOP's inadequate evaluation of Applicant's placement in an RRC in the September 8 Order. The Court ordered the BOP to conduct a second RRC placement evaluation that is in keeping with the SCA, under 18 U.S.C. §§ 3624(c)(6)(B) and (C) and 3621(b), and to file the results of the second RRC

placement evaluation with this Court.  Applicant, however, lacks standing to request the proper application of the SCA to other inmates.

Applicant, therefore, fails to demonstrate that the Court has misapprehended the facts, his position, or the controlling law and that any relief beyond the Court's stated relief in the September 8 Order is deserving.  The Motion to Reconsider will be denied.  Accordingly, it is

ORDERED that Applicant's Motion to Clarify Relief Granted in Claim Four, Doc. No. 57, is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 59(e) and is DENIED.  It is

FURTHER ORDERED that the Clerk of the Court is directed to send a copy of Doc. # 52 to Applicant.

DATED at Denver, Colorado, this ___11th___ day of October, 2011.

BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge